# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:18CR00004 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CLAUDE SLOAN,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Claude Sloan, Pro Se Defendant.*

The defendant, Claude Sloan, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss, and Sloan has responded with several amendments to his § 2255 motion. After review of the record, I find that the Motion to Dismiss must be denied without prejudice and Sloan's amendments must be granted.

Sloan pleaded guilty, pursuant to a Plea Agreement that included a provision waiving his right to appeal and a partial waiver of his right to file a § 2255 motion. A few months after I entered the Judgment, Sloan filed a § 2255 motion, ECF No. 59, alleging that (1) his sentence exceeded the guideline range, based on lies from witnesses during the sentencing hearing. The government has moved for dismissal of Sloan's § 2255 claim as waived under the Plea Agreement's waiver provision.

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Whether a waiver is intelligent and voluntary requires evaluation of the "adequacy of the plea colloquy," with "reference to the totality of the circumstances." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks and citation omitted).

Because the government has not submitted a transcript of the plea colloquy in support of its Motion to Dismiss, I cannot evaluate the adequacy of the colloquy or the totality of the circumstances to determine whether Sloan's plea was knowing and voluntary. Accordingly, at this stage of the case, I am unable to enforce the partial waiver of collateral attack rights in Sloan's Plea Agreement as the government requests. Therefore, I will deny the Motion to Dismiss without prejudice.

I will also allow Sloan's amendments to his § 2255 motion. First, he has submitted a pleading titled "Motion for Summary Judgment," supported by an affidavit from Keith Sloan. I construe this submission as a Motion to Amend to add a § 2255 claim that (2) the government offered false testimony at sentencing to enhance Sloan's sentence. Sloan has also filed two additional "amendments" presenting these additional claims: (3) defense counsel provided ineffective

assistance at sentencing; and (4) the government breached the Plea Agreement by moving to enhance the sentence. As relief, Sloan asks to be resentenced according to the terms of his Plea Agreement.

In accordance with the foregoing, it is hereby **ORDERED** as follows:

1. The United States' Motion to Dismiss, ECF No. 61, is DENIED WITHOUT PREJUDICE;

2. Sloan's Motion for Summary Judgment, ECF No. 63, is hereby CONSTRUED AND GRANTED as a Motion to Amend his § 2255 motion;

3. Sloan's other motions seeking to amend his § 2255 motion, ECF Nos. 68 and 70, are GRANTED, but he is advised that no additional amendments will be considered absent good cause shown; and

4.. The United States is DIRECTED to respond to Sloan's § 2255 motion as amended within 60 days from the date of the entry of this Order.

ENTER: June 6, 2019

/s/ James P. Jones
United States District Judge