# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 2:18CR00004 |
| v. | **OPINION AND ORDER** |
| **CLAUDE SLOAN,** | By: James P. Jones |
| Defendant. | United States District Judge |

*Claude Sloan, Pro Se Defendant.*

The defendant, Claude Sloan, proceeding pro se, has filed a Petition for Modification of Sentence, relying on § 603(b)(1) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018), which amended 18 U.S.C. § 3582(c)(1)(A) to expand the circumstances under which federal prison inmates may seek compassionate release. Sloan contends that the warden of his prison has not responded to his request for compassionate release within 30 days of its submission, thus exhausting his administrative remedies. *See* § 3582(c)(1)(A).

Sloan was sentenced by this court on November 14, 2018, to 144 months imprisonment after pleading guilty to possessing a firearm as a prohibited person, possessing 100 or more marijuana plants, and distributing marijuana. He had been previously convicted in this court in 2001 for manufacturing marijuana and sentenced to 60 months imprisonment. He has also served lengthy state prison terms

for arson and threatening a witness. Evidence at his latest federal sentencing indicated that those in his rural community were afraid of him and his tendency to violence, which evidence the court credited. Sentencing Tr. 72, ECF No. 81 ("[T]here certainly is sufficient nonhearsay testimony to show that Mr. Sloan is a dangerous person.").

The defendant contends, without supporting evidence, that he is disabled with PTSD and other unidentified "mental problems," along with seizures, "mild strokes," and deafness. Pet., ECF No. 82, at p. 9. He is 77 years old. When sentenced in 2018, he denied any history of any mental or emotional problems, although he claimed to be suffering from degenerative disc disease, high blood pressure, asthma, allergies, and gout. Presentence Investigation Report, Oct. 29, 2018, ¶¶ 69, 70, ECF No. 52.

Even accepting the claim that the defendant's health is not good, there is no indication that his conditions cannot be treated by the Bureau of Prisons just as well as if he were released. More importantly, as I found at the time of his sentencing in 2018, I believe the safety of the public is a concern.[1] Pursuant to § 18 U.S.C. §

---

[1] As I stated at sentencing:

I recognize Mr. Sloan's age, but it's clear that Mr. Sloan is an intelligent person who testified in an alert and clearly rational manner. I think Mr. Sloan has many years ahead of him. He's certainly capable now, as he will be for some time, of committing further crimes, and I don't know of any reason why he would not.

3582(c)(1)(A), I am required to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, and considering those factors, I find that the release of the defendant is not appropriate.

In accordance with the foregoing, it is **ORDERED** that the defendant's Petition, ECF No. 82, is DENIED.

                                        ENTER: March 6, 2020

                                        /s/ JAMES P. JONES
                                        United States District Judge

---

Sentencing Tr. 73, ECF No. 81.