# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 2:18CR00004 |
| v. | ) | **OPINION** |
| | ) | |
| **CLAUDE SLOAN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Claude Gene Sloan, Pro Se Defendant.*

The defendant, Claude Sloan, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a Motion to Dismiss, to which Sloan has responded. For the reasons stated, I will grant the Motion to Dismiss and dismiss the § 2255 motion.

The defendant pled guilty to three charges on August 16, 2018, pursuant to a written Plea Agreement. Count One of the Indictment charged the defendant with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Count One of a separate Information charged the defendant with manufacturing, and possession with intent to distribute, more than 100 marijuana plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). Finally, Count Two of the Information charged the defendant with distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1),

(b)(1)(D). Sloan was sentenced by this court on November 14, 2018, to a total term of 144 months imprisonment.

The defendant contends in his amended § 2255 motion that his counsel was ineffective during his sentencing when the government introduced evidence about his related conduct, which he now claims included perjured testimony. I granted the government's request for an upward variance from the guidelines due to the serious nature of the related conduct. Sloan challenges his sentence on two other grounds as well. First, he believes the government breached the Plea Agreement by seeking more than five years of imprisonment. Second, Sloan claims the related conduct testimony was false and not relevant to his charged conduct, so that the government should not have been permitted to introduce it. These last two points are impermissible collateral attacks under his Plea Agreement, as well as lack merit.[1]

To state a viable § 2255 claim for relief, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the

---

[1] As for the first argument, the Plea Agreement does not stipulate to a recommended range. It promises only to dismiss the 21 U.S.C. § 851 sentencing enhancement for his previous felony drug convictions, as well as a potential three-level reduction if Sloan complies with the agreement. Plea Agreement 3–5, ECF No. 41. As for the second point, the Plea Agreement contemplates that the government may elicit testimony about the contents of the Presentence Investigation Report ("PSR") at Sloan's sentencing. *Id.* at 3. The agreement also advises Sloan that he could file objections to the PSR. *Id.* The facts challenged by Sloan are contained in the PSR, and the defendant did not file any objections to those facts before he was sentenced. Regardless, Sloan waived these collateral attacks in his Plea Agreement. *Id.* at 10.

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). By forgoing an evidentiary hearing, I must view the facts presented in the pleadings, evidence, and record in the light most favorable to the petitioner. *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation" by the Court. *United States v. Dyess*, 730 F3d 354, 359–60 (4th Cir. 2013) (citation omitted).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but

for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

The crux of the defendant's argument is his assertion that his counsel did not object during his sentencing to the introduction of related, but uncharged, conduct. This is factually incorrect. Sloan's counsel made a number of objections when the government elicited testimony regarding the uncharged criminal conduct allegedly committed by the defendant. She objected on various grounds, including relevance and hearsay. I rejected most, but not all, of his counsel's objections. Sloan's defense counsel was diligent and attempted to limit the testimony of the government's witnesses when it was feasible. Her inability to prevent the presentation of such evidence does not make her ineffective.

Relatedly, the defendant implies that he was blindsided by the presentation of evidence relating to his long-standing criminal proclivity, which included arson, drug distribution, and threats against family members and the community. The defendant maintains that his counsel should have asked for a continuance to present rebuttal evidence, which would have hypothetically included testimony from one of his then-incarcerated sons. This individual was also suspected to be one of the defendant's coconspirators in the drug distribution activity, if not his other criminal conduct. All of the damaging evidence had been included in the PSR, and the defendant did not file any objections even though its inclusion in the report clearly

forecasted that it would be discussed at his sentencing. During the sentencing hearing, I asked Sloan whether he had reviewed and discussed the PSR with his counsel and he answered in the affirmative. There was no unfair surprise. As such, the defendant has not shown, and cannot show, prejudice as required by *Strickland*. Accordingly, I will grant the United States' Motion to Dismiss and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: April 6, 2020

/s/ JAMES P. JONES
United States District Judge