# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | Case No. 2:18CR00004 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CLAUDE GENE SLOAN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Claude Gene Sloan, Pro Se Defendant.*

The defendant, Claude Gene Sloan, a federal inmate, initially filed this action as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Given the nature of Sloan's claims, I found it appropriate to construe and consider his submission as a second Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. I now conclude that his § 2255 motion must be dismissed as successive.

Sloan pleaded guilty in this court on August 16, 2018, pursuant to a written Plea Agreement, to possession of a firearm by a convicted felon, to manufacturing, and possessing with intent to distribute, more than 100 marijuana plants, and to distribution of marijuana. I sentenced Sloan on November 14, 2018, to a total term of 144 months imprisonment. He did not appeal. In February 2019, Sloan filed a § 2255 motion that I denied as lacking merit. *United States v. Sloan*, No. 2:18CR00004, 2020 WL 1672788 (W.D. Va. Apr. 6, 2020)

In the current petition, Sloan contends that I improperly enhanced his sentence based on witnesses' lies about Sloan being suspected of starting several fires. He also complains that I called him a pyromaniac, based on these lies, and that the sentence imposed violated the plea agreement.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. *See* § 2255(h). Sloan has already pursued a § 2255 motion. Because he offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss Sloan's current action without prejudice.

A separate Final Order will be entered herewith.

DATED: May 29, 2020

/s/ James P. Jones
United States District Judge